U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2025 MAR 31 PM 3:16

CLERK
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| KEREN SITA,<br><br>  Plaintiff,<br><br>v.<br><br>KAREN SPERRY and the VERMONT DEPARTMENT OF CHILDREN AND FAMILIES,<br><br>  Defendants. | Case No. 2:24-cv-372 |

**ORDER**
(Doc. 16)

This case is one of eight pro se filings by plaintiff Keren Sita against a variety of individuals, agencies, and businesses in Vermont. The cases share a common theme: allegations of discrimination against Ms. Sita on the basis of her physical beauty. This case is Ms. Sita's second against her former dentist, Dr. Karen Sperry, and the Vermont Department of Children and Families ("DCF"). *See Sita v. Sperry*, No. 23-cv-643 (D. Vt. Mar. 1, 2024). The cases stem from her dental treatment following a broken tooth she suffered in an accident at age 14.[1]

Plaintiff alleges that Dr. Sperry mistreated the problem due to racial bias against her and her mother as well as her jealousy due to Plaintiff's beauty. At the time of the dental injury, DCF had some responsibility for her care. The details are not public. Plaintiff blames her case worker for failing to address her discomfort and insecurities.

**Procedural History**

In Plaintiff's first case against Dr. Sperry and DCF, she sought to allege violations of her constitutional rights under 42 U.S.C. § 1983 and discrimination under Title VI of the Civil

---

[1] Although she does not allege her current age, the court is aware, from her pleadings in other cases, that Ms. Sita's birthdate is April 29, 1997, and thus that she turned 18 in 2015.

Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*, and claims of professional negligence, fraudulent misrepresentation, and intentional infliction of emotional distress ("IIED") under state law.

On January 9, 2024, the court granted Plaintiff *in forma pauperis* ("IFP") status and dismissed the proposed complaint following the review required by 28 U.S.C. § 1915(e). The court ruled that Plaintiff failed to state a claim under § 1983 for violation of the Equal Protection Clause of the Fourteenth Amendment because her allegations of discrimination were conclusory, and she failed to allege facts showing that Dr. Sperry was acting under color of state law. Her Title VI claim was dismissed because Title VI does not permit suits against individuals, and she did not allege that DCF received federal financial assistance or how she personally was a beneficiary, application, or participant in any federally funded program provided by DCF. *See Sita*, No. 23-cv-643, slip op. at 6–9 (Doc. 3) (D. Vt. Jan. 9, 2024). The court further explained the likely effect of the statute of limitations and the Eleventh Amendment bar to claims for money damages against state agencies. *Id.* at 9–12.

Although Plaintiff was granted leave to amend, she failed to do so, and the case was dismissed on February 28, 2024. Judgment was entered on March 1, 2024.

In her original complaint in this case, filed on April 9, 2024, Plaintiff made claims of racial discrimination under the federal and state constitutions as well as claims of deceit, dental malpractice, and IIED under state law. (Doc. 1-2 ¶¶ 78–253.)

On August 8, 2024, the court granted Plaintiff IFP status and dismissed the proposed complaint following the review required by 28 U.S.C. § 1915(e). The court ruled that discrimination against people in possession of great physical beauty did not provide the basis for a protected class under Title VI. Moreover, the broader allegations that Plaintiff was "targeted" for discrimination on the basis of "race, color, gender, and national origin" were conclusory and insufficient to support a claim of intentional discrimination. The court declined to exercise

2

supplemental jurisdiction over her state-law claims. The court's decision raised concerns about whether claims for money damages against DCF can be heard in federal court. *See* Doc. 4.

Although the court's August 8 Order granted leave, Plaintiff moved for leave to amend her complaint. (Doc. 6.) To her proposed Amended Complaint, Plaintiff added a new claim: a damage claim under the Federal Tort Claims Act ("FTCA") based on the receipt of Medicaid reimbursement and other federal support for Dr. Sperry's practice. (Am. Compl., Doc. 6-1 ¶¶ 218–48.) The court observed that the addition of the FTCA claim appeared to be the principal difference between the original Complaint and the Amended Complaint.

On February 7, 2025, the court denied leave to amend upon review of the proposed Amended Complaint as required by 28 U.S.C. § 1915(e). The court explained that the FTCA requires that claimants first file an administrative claim and sets a two-year statute of limitations, running from the receipt of a denial of the administrative claim. Because Plaintiff sought to recover for damages she sustained as a teenager and did not allege that she ever submitted an administrative claim, the court explained her claim is almost certainly barred by 28 U.S.C. § 2675. The court remarked:

> The court wishes to be candid with Ms. Sita and fair to her as an unrepresented person. The FTCA claim appears to be barred by the requirement that she first submit an administrative claim. It also appears to be filed too late. But the court cannot rule without facts. The court will allow Ms. Sita to file a second amended complaint addressing these issues. There is no need to refile the entire complaint. An amendment directed at the Federal Tort Claims Act issues only will be sufficient.

(Doc. 15 at 4.) As a result, Plaintiff's motion to amend was denied without prejudice and Plaintiff granted the above-explained leave to file a proposed second amended complaint on or before March 14, 2025.

## Analysis

Plaintiff's proposed Second Amended Complaint ("SAC") was timely filed on February 21, 2025. The court applies the § 1915(e) review standard. In the proposed SAC,

Plaintiff drops her FTCA claim and adds claims under 42 U.S.C. § 1983 for violation of the Fourteenth Amendment equal protection clause, under 42 U.S.C. § 1981 for racial discrimination, and under state law for civil conspiracy. *See* Doc. 16.

"District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted." *Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012). Because Plaintiff was granted leave to amend with regard to her FTCA claim only, Plaintiff's proposed SAC that does not allege an FTCA claim is beyond the leave she was granted. For this reason, the SAC (Doc. 16) is DISMISSED.

Although the Second Circuit has cautioned that a court "should not dismiss a pro se complaint without granting leave to amend at least once, unless amendment would be futile," *Garcia v. Super. Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (per curiam) (cleaned up), Plaintiff is not granted leave to file a third amended Complaint. She has been granted multiple leaves to amend and this is her second case bringing the same allegations against the same defendants.

## CONCLUSION

For the reasons explained above, Plaintiff's SAC (Doc. 16) is DISMISSED. The court hereby certifies that under 28 U.S.C. § 1915(a)(3) any appeal would not be taken in good faith.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 31st day of March, 2025.

/s/ Geoffrey W. Crawford
District Judge
United States District Court